

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMSTED INDUSTRIES INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 01 C 3336 |
| | ) | |
| v. | ) | Hon. Judge Zagel |
| | ) | Mag. Judge Schenkier |
| BUCKEYE STEEL CASTINGS CO., | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED OCT 2 8 2002

FILED OCT 1 8 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MEMORANDUM IN SUPPORT OF AMSTED'S MOTION TO STRIKE THE DECLARATION OF JOHN R. DOWNES

Plaintiff, AMSTED Industries Incorporated ("Amsted"), moves to strike the Declaration of John R. Downes, which was filed in support of the Claim Construction Brief submitted by Defendant Buckeye Steel Castings Co. ("Buckeye"). Buckeye's submission of Mr. Downes' Declaration is inappropriate and should be stricken because (1) Mr. Downes is a thirty-three year non-lawyer employee of Buckeye whose lawyer-authored "opinion" does not contribute to this Court's analysis of the claim construction issues; (2) Buckeye's counsel instructed Mr. Downes, a long-time employee of Buckeye, not to answer any questions at his recent deposition relating to his opinions regarding the '564 patent-in-suit, thus precluding Amsted from discovering information relating to Mr. Downes' alleged opinions, and (3) Buckeye is estopped from offering Mr. Downes' Declaration as extrinsic evidence because it failed to identify his testimony in the Joint Claim Construction and Prehearing Statement and other prior papers filed in connection with the claim construction proceedings. Buckeye requested that any extrinsic testimony be provided in a written report and that the witness be made available for deposition prior to any Markman hearing, "as required by the Patent Local Rules on which the parties' Markman



schedule is based." (Ex. B, Joint Claim Construction Statement, p. 19). Buckeye has provided neither with respect to Mr. Downes.

I. **Mr. Downes' Declaration Is Inherently Biased and Suspect In View of His Long Affiliation With Buckeye And His Refusal To Testify At His Deposition About His Opinions Relating To The '564 Patent And Relevant Prior Art**

Mr. Downes was deposed on August 14, 2002. At his deposition, Buckeye's counsel repeatedly instructed Mr. Downes not to answer questions pertaining to the '564 patent or to Mr. Downes' knowledge about prior art relating to the claims of the '564 patent. Buckeye's counsel also stated that Mr. Downes, who has been employed at Buckeye since 1969, is not an expert. (Ex. A, Downes Dep., p. 8, lns. 13-15; p. 274, lns. 19-23). As such, Buckeye's submission of Mr. Downes' self-serving Declaration as "evidence" is highly suspect.

Mr. Downes' Declaration states that "I have studied Amsted's patent no. 5,752,564 ("the '564 patent") in detail and understand the patent as a person of ordinary skill in its [sic] art would understand it." (Downes Declaration, ¶4). Yet when asked at his deposition whether or not he had ever read the '564 patent, Mr. Downes answered "I'm sure I have. <u>I haven't read it completely lately</u>,[1] but. . . ." (Ex. A, Downes Dep., p. 22, lns. 7-8) (emphasis added). When asked whether he came to any conclusions of his own after reviewing the patent, Buckeye's counsel instructed Mr. Downes not to answer. (*Id.*, p. 25, lns. 5-11).

In addition, later in the deposition, Mr. Downes was questioned regarding Buckeye's Invalidity Contentions submitted by counsel on June 7, 2002. For example, Mr. Downes was asked "Do you have any specific knowledge of a sideframe being in public use prior to January

---

[1] Mr. Downes never states in his declaration that he has studied the file histories of the patents-in-suit. As such, his opinions are not competent.

8, 1996, that includes the attributes that are set forth in Claim 2[2] of the '564 patent?" (*Id.*, p. 273, lns. 7-10). Buckeye's counsel made the following objections:

- "Claim 2 of the '564 patent has not been interpreted by the court yet; and this witness is not a patent expert. So you are asking this witness to opine on a legal issue of – for which I don't believe this witness is qualified to answer." (*Id.*, p. 273, lns. 13-18).

- "I object that this is beyond the purview of this witness. It's beyond his qualifications and, therefore, he's got no foundation to answer that question. Until the claims get properly interpreted, I don't see how the witness can answer that question." (*Id.*, p. 273, ln. 20-p. 274, ln. 3).

In other words, Buckeye's counsel objected to the extent that Mr. Downes' answer required a claim construction analysis.

However, after Mr. Downes testified that he was familiar with Buckeye's claim construction, Amsted's counsel asked Mr. Downes whether he had knowledge of any prior art available under <u>Buckeye's</u> claim construction. Buckeye's counsel vehemently objected again:

- "Again, this goes to claim interpretation. So – this is a fact witness. He isn't an expert witness and he's not a lawyer. So I don't see how he's qualified to answer these questions." (*Id.*, p. 274, lns. 19-23).

- "And, again, I object that this witness doesn't have a foundation for that. That asks for a legal conclusion, and this witness is not – is not a later. And, again, the claims have not been interpreted." (*Id.*, p. 276, lns. 2-7).

---

[2] Buckeye's obstructionist tactics precluded Amsted from questioning Mr. Downes about claims other than claim 2. There is no reason to believe that Mr. Downes' responses or Buckeye's counsel's objections would have differed in any way with respect to claims 38 or 39.

- "And, again, it's beyond the purview of this witness. He doesn't have the foundation for that. He's not a lawyer. You're asking for a legal conclusion. He's a fact witness." (*Id.*, p. 276, lns. 15-19).

- "Okay. And I'm going to object again. You know, I didn't realize you were going to take the last 15 minutes to ask this witness questions that all involve legal conclusions. You are asking him to be a lawyer. He is a fact witness. So I don't understand why you are going into this line of questioning." (*Id.*, p. 277, lns. 12-20).

Based on Buckeye's counsel's own objections, Mr. Downes is simply not qualified to offer the opinions found in his Declaration. According to Buckeye's counsel, Mr. Downes is not an expert. He has no foundation to testify about prior art relating to the '564 patent. Mr. Downes is "just a fact witness." His Declaration is suspect because Mr. Downes is a thirty-three year employee of Buckeye – hardly "independent." Mr. Downes is also the main liaison between Buckeye and Buckeye's counsel in this litigation.

Under these circumstances, it is fundamentally unfair to permit Buckeye to preclude Amsted from discovering information relevant to Mr. Downes' opinions while at the same time permitting Buckeye to submit Mr. Downes' opinions as extrinsic evidence on claim construction issues. Mr. Downes' prior refusal to testify regarding the prior art precludes him from now submitting a Declaration opining that claims 38 and 39 allegedly read on the prior art. Buckeye cannot have it both ways. After vehemently protesting any attempt by Amsted to discover Mr. Downes' view of the prior art, Buckeye cannot now submit a lawyer-prepared, lawyer-argued document bearing Mr. Downes' signature under the guise of "assisting this Court" with claim construction issues.

## II. Buckeye Is Estopped From Introducing Extrinsic Evidence Based On Its Own Arguments and Demands

Buckeye's submission of the Downes Declaration as extrinsic evidence is inappropriate in light of: 1) Buckeye's failure to identify the extrinsic testimony in the Joint Claim Construction and Prehearing Statement; and 2) Buckeye's adamant position that Amsted be precluded from offering any written testimony of its independent expert, Dr. James Conley, absent a prior written report and deposition.[3] For example, in the Joint Claim Construction Statement, Buckeye insisted that the following paragraph be included:

> "Buckeye does not believe that extrinsic evidence in the form of oral or written testimony is required for this Court to properly interpret the claims. However, if the Court does believe it would be helpful, Buckeye requests that Amsted provide a written report of any expected testimony of its witness Mr. Conley and make Mr. Conley available for deposition prior to any Markman hearing, as required by the Patent Local Rules on which the parties' Markman schedule is based."

(Ex. B, Joint Claim Construction Statement).

Buckeye has never identified Mr. Downes as an expert witness in this case or as a witness to provide extrinsic testimony. In fact, as described above, Buckeye's counsel repeatedly stated that Mr. Downes is <u>not</u> an expert. Mr. Downes has not submitted any written reports. Finally, while Mr. Downes was deposed, Buckeye's counsel precluded him from testifying regarding any matter relating to claim construction. Mr. Downes would not even reveal at his deposition whether he had contributed to Buckeye's Invalidity Contentions, which were submitted with the

---

[3] Amsted did not submit a declaration of Dr. Conley in conjunction with its Claim Construction Briefs because, in Amsted's view, the intrinsic record supports Amsted's proposed interpretation without the need to rely on extrinsic evidence. However, to the extent that this Court determines that testimony of a person skilled in the art would assist this Court in determining the meaning of the disputed claims or in understanding the technology, Dr. Conley is available to testify at a *Markman* hearing.

Court on June 7, 2002. (Ex. A, Downes Dep., p. 272, lns. 4-22). Based on Buckeye's own vehement protests, Buckeye should not be permitted to rely on the Downes Declaration in connection with its proposed claim interpretation.

Respectfully submitted,

Dated: October 18, 2002

_____
Gregory J. Vogler
Sharon A. Hwang
Sandra A. Frantzen
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street
Chicago, Illinois 60661
312/775-8000

*Attorneys for Plaintiff*
AMSTED INDUSTRIES INC.

Of Counsel:
Edward J. Brosius
AMSTED Industries Inc.
44th Floor - Boulevard Towers South
205 North Michigan Avenue
Chicago, Illinois 60601

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **MOTION TO STRIKE THE DECLARATION OF JOHN R. DOWNES AND MEMORANDUM IN SUPPORT THEREOF** was served by hand delivery on this 18th day of October, 2002 on:

> Charles W. Shifley, Esq.
> Marc S. Cooperman, Esq.
> Scott A. Burow, Esq.
> **Banner & Witcoff, Ltd.**
> 10 South Wacker Drive, Ste. 3000
> Chicago, Illinois 60606

_/s/ [signature]_

# SEE CASE FILE FOR EXHIBITS